**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MASSACHUSETTS - BOSTON**

===============================
| | |
|---|---|
| IN THE MATTER OF: | Case #13-10204 |
| WARREN I. GREEN and MARSHA S. GREEN, | Boston, Massachusetts |
| | **April 9, 2014** |
| Debtors. | 9:31:14 A.M. |

===============================
| | |
|---|---|
| DWYER, | |
| Plaintiff, | |
| | AP #14-01026 |
| v. | |
| GREEN | |
| Defendant. | |

===============================

**TRANSCRIPT OF HEARING RE:**
**[#17] MOTION TO DISMISS ADVERSARY PROCEEDING (J. LEWIS);**
**[#18] MEMORANDUM IN SUPPORT (J. LEWIS);**
**[#25] OPPOSITION OF PLAINTIFF (A. RUTTENBERG)**
**BEFORE THE HONORABLE WILLIAM C. HILLMAN, J.U.S.B.C**

**APPEARANCES**

| | |
|---|---|
| For Debtors: | JOHN N. LEWIS, ESQ. |
| | John N. Lewis & Associates |
| | 42 Spring Street, Suite 2 |
| | Watertown, Massachusetts  02472 |
| For the Trustee: | ADAM J. RUTTENBERG, ESQ. |
| | Looney & Grossman, LLP |
| | 101 Arch Street |
| | Boston, Massachusetts  02110 |

Electronic Sound Recording Operator:   Ann E. Kelley

Proceedings Recorded by FTR Gold Digital Recording
Transcript Produced by Certified Transcription Service

CASCADE HILLS TRANSCRIPTION, INC.
**8095 Darling Street SE**
**Salem, Oregon  97317-9074**
**1-503-371-8858  ~   e-mail - hagerruthann@aol.com**

```
 1  (9:31:14 a.m.)
 2            THE COURT:  Dwyer versus Green.  Gentlemen.
 3            MR. LEWIS:  Good morning, Your Honor.  John Lewis
 4  representing Warren Green.
 5            MR. RUTTENBERG:  Good morning, Your Honor.  Adam
 6  Ruttenberg for the Trustee, defendant and plaintiff.
 7            THE COURT:  Mr. Lewis, go ahead.  It's your motion.
 8            MR. LEWIS:  Thank you, Your Honor.  This is an
 9  adversary proceeding which arises out of a state court action
10  which is presently pending notwithstanding the denial of the
11  Trustee and counsel for the Trustee.  There's a – if Your Honor
12  followed any of the pleadings as yet, there was an appeal by
13  one of the creditors on the dismissal of his claim for both
14  fraudulent conveyance of something -- we're not sure what it
15  is; I'll get back to that -- with regard to the purchase of a
16  condominium by his wife from funds that they jointly got from
17  the sale of property owned as tenants by the entirety at a time
18  when the creditor, Mr. Snider, claims he was owed some money
19  and trying to collect, none of which is accurate based on what
20  we've provided to the Court.
21            But that action was dismissed by Judge Murtagh on the
22  basis of a fraudulent conveyance being beyond the statute of
23  limitations and the equity -- creditors bill in equity for
24  constructive or resulting trust.  Constructive trusts require
25  some wrongdoing.
```

1       The only wrongdoing is fraud, that it falls back
2  within the UFTA and is time barred.  So the only action left
3  was a resulting trust, meaning that there would have to be some
4  finding that Mr. Green intended to retain an interest in the
5  condominium or the transfer of the funds to the condominium or
6  something related to the condominium that would create a
7  resulting trust.
8       Judge Murtagh found that because of the presumption
9  of a gift between husband and wife, whatever was transferred
10 was a gift and therefore was not the subject of a resulting
11 trust, and there was no way that Mr. Snider could on the facts
12 in the complaint sustain his burden of proof and dismiss them
13 on a 12(b)(6) motion.
14      The case went up to the Appeals Court.  The Appeals
15 Court sustained the dismissal on the grounds of the UFTA claim
16 and fraud claims on the basis of the expiration of the four-
17 year statute of limitations, but said that Judge Murtagh was
18 premature on a motion to dismiss where Mr. Snider had the right
19 to try to rebut the transfer between husband and wife as not
20 being a gift.
21      There was an identical case referred by this Court to
22 Judge -- to the United States District Court and that was
23 ***Feinman v. Lombardo***, a 1994 case from Your Honor to -- and went
24 to Magistrate Judge Collins, who on summary judgment found on
25 the same set of facts that the fact that a husband provided the

1  source of the revenue for purchasing the property in the

2  name -- that was taken in the name of the wife or used as funds

3  to support that property did not without more create a

4  resulting trust of that property as being the husband's.

5  That's already been established.

6          And the Appeals Court never really explained what it

7  was more they were looking for.  They said that on the totality

8  of the facts of the case where a creditor is claiming that they

9  were defrauded, there may be some wave showing that there was

10 an intent of Mr. Green to retain some interest in the trust,

11 but we don't know what that interest is even at this point, nor

12 has the Court clarified it.

13         As I said, the -- they sold a piece of property for

14 1.2 million dollars to BC.  They netted about $700,000.

15 There's no dispute about that.  Following that, Mrs. Green

16 bought a condominium in Newton for $900,000 of which $420,000

17 came from the joint funds from the sale of the Newton property.

18 There was $280,000 left in the bank account the same time that

19 Mr. Snider is claiming that they were trying to put one over on

20 him and put assets beyond his reach.

21         The funds on black letter law, joint funds from -- or

22 funds from the sale of the properties owned by tenants by the

23 entirety are held as tenants by the entirety.  They're entirely

24 open to either party to use as they will.  So Mr. Green didn't

25 buy the condominium; Mrs. Green did.  Mr. Green didn't give her

1  the money to buy the condominium; she used joint funds to buy
2  the condominium in which she had an equal right.
3       At best, according to Judge Murtagh and the Appeals
4  Court was equivocal as to whether -- whether they would or
5  wouldn't support Judge Murtagh's findings at this stage, were
6  that if Mr. Green gave anything to Mrs. Green, it was a
7  reversionary right that under the joint tenancy by the entirety
8  both own the property.  The surviving spouse gets to keep it.
9       So at best there may be a resulting trust of
10 Mr. Green's reversionary right, which may or may not, as Judge
11 Murtagh said, be something in the future if Mrs. Green
12 predeceases Mr. Green.  That's where the status of the appeal
13 was when Mr. Ruttenberg filed this adversary proceeding.
14      What he's trying to do is to subsume the state court
15 prior pending action and have this Court declare the existence
16 of a resulting trust, even though there's never been a
17 resulting trust determined and all that Mr. Snider has is the
18 dubious opportunity to try to prove -- disprove the presumption
19 that there isn't a resulting trust.
20      So here we are with Mr. Ruttenberg saying, oh, well,
21 there's a resulting trust, that we want you to declare that's
22 an estate asset, and sell the condominium and give us the money
23 so we can pay the creditors, but we haven't gotten there yet,
24 so there is a prior pending action.
25      And Mr. Ruttenberg was kind enough to provide two

1  cases in his opposition, both of which support our position.
2  One would be -- see if I can find it -- what do we call
3  these -- here we go.  One would be the Bank of America case
4  that he has attached and that was an old case in which Judge
5  Zobel says with regard to prior pending actions, assuming there
6  is such a thing:

> "Because the two actions are not predicated upon the
> same cause of action, growing out of the same transaction,
> the prior pending action doctrine cannot be invoked."

10  Okay.  Well, this is the same case.  This is exactly
11 the determination that's already being made or should be made
12 by the Superior Court as under Massachusetts law whether there
13 is any resulting trust and what is the resulting trust of and
14 when the trust would be available to a creditor.  And that's
15 what would be lit -- I'm sorry -- would be litigated in this
16 court and that's what this court in 1994 in the **Feinman** case
17 sent to the United States District Court for a determination as
18 a non-core proceeding.

19  And again, in the other case that Mr. Ruttenberg
20 cites which is, again, this -- I believe is also this Court's
21 case, **Busco** and **Nicholas**.  This court said, "A Bankruptcy Court
22 has jurisdiction over non-core proceeding providing that the
23 proceeding is related to a bankruptcy case."  Well, this is a
24 creditor's claim.  The Trustee could not be a party to the
25 creditor's claim in equity or bill of equity to determine

1  whether there was a resulting trust.  Once there's a resulting

2  trust established in the prior pending case, then the Trustee

3  can come in and say, okay, well, we want that asset to be

4  included in the bankruptcy estate and, therefore, this court

5  should confiscate the condominium that Mrs. Green bought with

6  her own money and sell it -- and force her to sell it and give

7  the money to essentially Mr. Snider, but we're not there yet,

8  Judge.

9            So our position is that as a matter of fact, as a

10 matter of determination whether there's an existence of

11 resulting trust, the form doesn't matter to us.  This Court is

12 equally congenial to us, as is the Superior Court -- Middlesex

13 Superior Court, as -- or is it Middlesex; yes -- or the United

14 States District Court if it's -- if it's referred there.  But

15 the case we want to litigate is the existence of the trust and

16 there's already a prior pending action for that, not whether

17 it's an estate asset but whether the condominium should be

18 confiscated and sold to pay Mr. Green's creditors.

19           THE COURT:  That's the same issue.  There is a

20 resulting trust in favor of this debtor and then the

21 condominium would be property of the estate.  The Trustee can

22 reach it.

23           MR. LEWIS:  If there was a resulting trust and if the

24 resulting trust was of the condominium, we're talking about

25 perhaps reversionary right that Mr. Green may have if

1  Mrs. Green predeceases him.
2          THE COURT:  All right.  But your issue is that we
3  don't know yet.  No court of competent jurisdiction has yet
4  determined whether or not there's a resulting trust.
5          MR. LEWIS:  Or what it would be a resulting trust of
6  or when anyone would -- a creditor would be entitled to reach
7  it.
8          THE COURT:  So couldn't I leave this adversary
9  hanging until that decision is made by the state court?
10         MR. LEWIS:  That would be fine with us, as long as --
11         THE COURT:  You think --
12         MR. LEWIS:  -- we get the opportunity to pursue the
13 state court action.
14         MR. RUTTENBERG:  I don't see how the state court can
15 decide it when the Trustee is -- I'm sorry.  I'm sorry.  Adam
16 Ruttenberg, counsel for the Trustee.  The Trustee is not a
17 party to the action that's pending in Superior Court.
18         THE COURT:  Could be if she wants to be.
19         MR. RUTTENBERG:  Well, if the Superior Court likes
20 it, I suppose, that's true.
21         THE COURT:  Yeah.
22         MR. RUTTENBERG:  But I mean, the reason -- there's no
23 reason to go into state court where we'll have to file a new
24 complaint because we're not adopting, you know, everything
25 that's in the complaint that the debtor filed.

1        THE COURT: Well, I'm not sure that's right. We've
2   got a buttener (phonetic) problem. This is a question of
3   property rights under state law. State law is going to control
4   it.
5        MR. RUTTENBERG: And you've been told by the Appeals
6   Court what -- how the state law is -- it's not --
7        THE COURT: Yeah, but I didn't understand the Appeals
8   Court decision, quite frankly, so -- and you seem to be having
9   the same problem. It's more serious for you than it is for me,
10  but we don't have a decision on that and I just -- first of
11  all, I don't want to dismiss this AP because ultimately perhaps
12  there will be something for the Trustee to reach. But at the
13  same time, I don't want to have you people running in two
14  courts doing the same thing.
15       So what I'd like to do is just continue this motion
16  to dismiss generally and when the state court does something,
17  then one of you will get back to me and tell me what to do as
18  the next thing. Okay?
19       MR. RUTTENBERG: Okay.
20       MR. LEWIS: Thank you, Your Honor.
21       MR. RUTTENBERG: The thing the state court may do is
22  say it's not taking the Trustee, in which --
23       THE COURT: Well, I don't know. We'll find out.
24       MR. RUTTENBERG: We'll find out and we'll come back.
25       THE COURT: Okay. Continued generally.

1    MR. LEWIS:  We would have no objection to their
2 joinder and I don't think that Mr. Snider is going to be any --
3 with Mr. Ruttenberg as his counsel will be any less --
4    THE COURT:  Well --
5    MR. RUTTENBERG:  I'm not Mr. Snider's counsel --
6    THE COURT:  That's the Trustee's issue.  Okay.
7    MR. LEWIS:  Thank you, Your Honor.
8    THE COURT:  Thank you very much.
9 (End at 9:43 a.m.)
10                * * * * * * * * * *
11    I certify that the foregoing is a true and accurate
12 transcript from the digitally sound recorded record of the
13 proceedings.

_____    4-21-2014
**RUTH ANN HAGER**                                                                Date
**Certified Transcriber**
     **Federal C.E.R.T. **D-641**
**CASCADE HILLS TRANSCRIPTION, INC.**
8095 Darling Street SE
Salem, Oregon  97317-9074
Phone:  503-371-8858
Fax:  503-585-4228
e-mail  hagerruthann@aol.com