UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| WARREN I. GREEN, | ) | CHAPTER 7 |
| | ) | CASE NO. 13-10204-MSH |
| Debtor. | ) | |
| | ) | |
| | ) | |
| KATHLEEN P. DWYER, CHAPTER 7 | ) | ADVERSARY PROCEEDING |
| TRUSTEE, | ) | NO. 14-01026-MSH |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| MARSHA S. GREEN, | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE AND STATUS REPORT

The undersigned counsel for the plaintiff, Kathleen P. Dwyer, Chapter 7 Trustee

(the "Trustee") of the bankruptcy estate of Warren I. Green (the "Debtor") hereby responds

to this Court's order to show cause dated May 20, 2016 (the "Show Cause Order") as to

why this adversary proceeding should not be dismissed and why sanctions should not be

imposed for failure to file a status report in compliance with the Court's order dated

December 16, 2015 (the "Status Report Order").  The Status Report Order required a

status report to be filed by the Trustee on or before May 16, 2016.  Due to inadvertence by

counsel in noting the deadline for the filing of the Status Report, undersigned counsel for

the Trustee failed to file such status report on or before May 16, 2016.  The Trustee hereby

submits the status report in accordance with the Status Report Order, and respectfully

requests that the Court release the Order to Show Cause.  In support thereof, the Trustee

states as follows:

1.      On January 30, 2014, the Trustee filed this adversary proceeding against

Marsha S. Green (the "Defendant"), the wife of the Debtor, seeking a declaration that the

real property located at 287 Langley Road, Unit 39, Newton Massachusetts (the

"Condominium"), held nominally in the name of the Defendant is subject to a resulting trust

in favor of the Debtor and the Defendant as tenants by the entirety.  The Trustee further

sought an order authorizing the sale of the Condominium pursuant to 11 U.S.C. § 363(h).

2.      On February 25, 2014, the Defendant filed a motion to dismiss this adversary

proceeding, alleging the existence of a "prior pending action" in the Middlesex Superior

Court [Docket No. MISUCV2011-002897] (the "Superior Court Action"), which action was

originally filed against the Defendant and the Debtor by creditor, Robert Snider, seeking

similar relief as that sought in this proceeding.

3.      A hearing on the motion to dismiss was held on April 9, 2014. At such

hearing, as set forth in the transcript thereof (filed April 21, 2014 as pleading no. 28), the

Court ruled (page 9):

> [F]irst of all, I don't want to dismiss this AP because
> ultimately perhaps there will be something for the Trustee to
> reach. But at the same time, I don't want to have you people
> running in two courts doing the same thing. So what I'd like
> to do is just continue this motion to dismiss generally and
> when the state court does something, then one of you will
> get back to me and tell me what to do as the next thing.

4.      Since the April 9, 2014 hearing, the Trustee and the Defendant have

proceeded in the Superior Court Action, with the Trustee being permitted to be substituted

as plaintiff and to file an amended complaint.

5.    In or about April 2015, the Trustee learned that prior counsel representing her in this matter and the Superior Court Action, Attorney Adam J. Ruttenberg, was unable to continue his representation due to a conflict resulting from Attorney Ruttenberg's joining the firm Posternak, Blankstein & Lund LLP on May 1, 2015.   On April 9, 2015, the Trustee filed a motion in the Middlesex Superior Court to continue the trial date then scheduled for May 6, 2015, which motion was allowed.  The Middlesex Superior Court scheduled a new trial date of December 21, 2015.  The Trustee also employed Attorney Thomas S. Vangel and the law firm of Murtha Cullina LLP to represent her as successor counsel in this action and the Superior Court Action.

6.    Since the April 9, 2014 hearing, predecessor counsel filed one status report in this case.  Undersigned counsel has filed two status reports on May 29, 2015, and December 15, 2015.  In each instance, counsel apprised the Court of the status of the Superior Court Action.  The last status report indicated that the trial in the Superior Court Action was to commence on April 27, 2016.

7.    The status of the Superior Court Action is as follows:  A four day jury waived trial took place in the Superior Court between April 27, 2016 and May 18, 2016.  Lead counsel completed closing arguments on the afternoon of May 18, 2016.  Counsel's efforts during the past three weeks have been focused on the completion of the trial in Superior Court.  The Superior Court indicated that a decision would be dictated on the record on June 16, 2016 at 2:30 PM, and that the court would request the parties to submit proposed forms of judgment soon thereafter.  The Trustee estimates that judgment in the Superior Court Action will enter by the end of June, and the Trustee will know if an appeal of any

7044131v1

judgment is filed within thirty days thereafter.   Accordingly, the Trustee proposes that the

date for the filing of the next status report date be the first week of August.

       8.     The Trustee respectfully requests that sanctions should not be imposed

since the error in filing the status report was inadvertent, there has been no prejudice or

harm to the defendant or to the Court, and because the Trustee has been diligently

pursuing the matter to completion in the Superior Court.   Also, this adversary proceeding

will not be ready for resolution by the Bankruptcy Court until the entry of final judgment in

the Superior Court Action with all appellate review having been exhausted.   Nevertheless,

the Trustee, through undersigned counsel, apologizes for any inconvenience to the Court

as a result of the status report not having been filed on May 16, 2016 and will take steps to

ensure that all future status reports are filed in a timely fashion.

      WHEREFORE, the plaintiff, Kathleen P. Dwyer, Chapter 7 Trustee, requests that

this honorable Court accept this Status Report, and enter an Order releasing the Show

Cause Order.

                                 Respectfully submitted,

                                 Kathleen P. Dwyer, Chapter 7 Trustee,
                                 Plaintiff
                                 By her Attorneys,

                                 _/s/ Taruna Garg_____
                                 Thomas S. Vangel, Esq. BBO # 552386
                                 Taruna Garg, Esq. BBO # 654665
                                 Murtha Cullina LLP
                                 99 High Street
                                 Boston, MA  02110
                                 617-457-4000 Telephone
                                 617-482-3868 Facsimile
Dated:  May 20, 2016               tgarg@murthalaw.com