UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

_____

In Re:
Warren J Green,

    Chapter 7
    Case No: 13-10204-MSH

        Debtor,

_____

John O. Desmond, Chapter 7 Trustee,

        Plaintiff,

v.          AP No. 14-01026-MSH

Marsha S. Green,

        Defendant,

_____

## RESPONSE OF MARSHA S. GREEN TO CHAPTER 7 TRUSTEE'S MOTION FOR STATUS CONFERENCE

Now comes Marsha S. Green ("Ms. Green"), by counsel, and hereby responds to the Chapter 7 Trustee's Motion for Status Conference.

In support of this Response, Ms. Green states as follows:

1. At its core, this matter involves the Chapter 7 Trustee's attempt to liquidate the non-debtor spouse's interest in the real property at 287 Langley Road, Unit 39, Newton, MA ("the property"), a condominium that is Ms. Green's residence; and a property which she has owned and declared a valid homestead since its purchase date in 2006.

2. On September 7, 2016 the Massachusetts Superior Court ruled *inter alia* that the property

"is deemed to have been held by Warren I. Green and Marsha S. Green, as tenants by the entirety, at all times since April 17, 2006, including as of January 16, 2013, the date of Warren I. Green's Chapter 7 bankruptcy filing." Attached hereto and incorporated herein by reference as Exhibit A is the Superior Court's Clerk's Notice referencing the judgment.

3. On December 28, 2017, the Massachusetts Appeals Court affirmed that judgment. Both the superior court and the appellate court have ruled that all times since the property's purchase, title has been held as tenants in the entirety by the debtor and Ms. Green. Pursuant to the Superior court's order, the Chapter Trustee recorded the judgment in the Middlesex South Registry of Deed at Book 68044, Page 202.

### *I. THE TRUSTEE CANNOT DISPOSSESS MS. GREEN FROM THE PROPERTY*

4. Any attempt by the Chapter 7 Trustee to sell the property pursuant to Section 363 of the Code must be denied. Under Massachusetts law, tenancies by the entirety created after 1980 are subject to Mass. Gen. Laws Annot. 209, §1, the tenants by the entirety statute:

> The real and personal property of any person shall, upon marriage, remain the separate property of such person, and a married person may receive, receipt for, hold, manage and dispose of property, real and personal, in the same manner as if such person were sole. A husband and wife shall be equally entitled to the rents, products, income or profits and to the control, management and possession of property held by them as tenants by the entirety.
>
> The interest of a debtor spouse in property held as tenants by the entirety shall not be subject to seizure or execution by a creditor of such debtor spouse so long as such property is the principal residence of the nondebtor spouse; provided, however, both spouses shall be liable jointly or severally for debts incurred on account of necessaries furnished to either spouse or to a member of their family.

5. Accordingly, under the Massachusetts statute, each party to the tenants by the entireties guarantees each spouse an equal right to the whole interest. *In re Lodi*, 375 B.R. 33 (Bankr.

2

D. Mass. 2007). Put another way, the two parties do not have an equal one-half interest in the property, but instead, each party has a 100% interest in the whole property. *In re Lodi*, 375 B.R. at 37.

6. In *In re Snyder*, 249 B.R. 40 (1st Cir BAP 2000), the appellate panel affirmed that the extent of the debtor's interest in the tenancy by the entirety "is indeterminate until the tenancy is terminated." The *Lodi* court then explained that "the tenancy … continues during the existence of the marital relationship and cannot be changed except by death, divorce, a deed of both parties or a deed of one spouse to the other" (citing *Campagna v. Campagna*, 337 Mass. 599, 150 N.E.2d 699 (1958). Here, none of those conditions has been met. It is undisputed that the property has been deemed to be owned as tenants in the entirety between the debtor and Ms. Green, and any attempt by the Trustee to value and subsequently sell the property and therefore dispossess Ms. Green cannot be accomplished and should not be sanctioned by this Court.

## *II. THE CHAPTER 7 TRUSTEE CANNOT MEET THE BALANCING BURDEN UNDER 11 U.S.C. §363(h)(3) WHILE MS. GREEN CAN EASILY ESTABLISH HERS*

7. Assuming that the Trustee is permitted to proceed with his attempts at a §363 sale (which Ms. Green does not concede), the Trustee cannot meet his balancing burden under 11 U.S.C. §363(h)(3). See Section III *infra*.

8. The Trustee would attempt to utilize 11 U.S.C. §363(h) to sell the property free and clear of Marsha Green's interests. Under this section, the trustee may only sell the estate's interest and the interest of any nondebtor co-owner in the property, including that co-owner's undivided interest as a tenant by the entirety, if each of the following elements are established by the Trustee: (1) partition is impracticable; (2) the sale of the whole would be greater; (3) "the benefit of the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any to such co-owners; and (4) such property is not used in the production of certain energy sources. *See generally In re Duda*, 422 B.R. 339

(Bankr.D.Mass. 2010). In meeting her burden, Massachusetts courts allow a non-debtor to present evidence of both an economic detriment and an emotional detriment. *In re Duda*, at 422 B.R. 349 (Bankr.D.Mass. 2010) (citing *In re Addario*, 53 B.R. 335 (Bankr.D.Mass. 1985).

9. Ms. Green suffers from multiple sclerosis, a degenerative neurological disease. Her health and emotions are taxed by the stress of litigation and the threat of losing her homestead. She specifically bought and tailored the property for her medical needs. Details of her condition, the property's necessity for her well being and many of the detriments to a potential sale of the property are set forth in a letter dated January 22, 2018 from Christopher Severson, MD and attached hereto and incorporated herein by reference as Exhibit B.

10. As stated above the property serves as Ms. Green's residence. It also serves as her place of business where she teaches piano to adults and children. Were the property sold, Ms. Green would not be able to afford to buy another property in Newton. With her current income, she would not be able to qualify for a mortgage on a new property. As a self-employed music teacher since 1988, with deep roots to the community, it would take Ms. Green years to develop a new client base in a new community which would drastically reduce her income. Increased travel time from another community to Newton would increase her physical stress, travel costs, and travel time, and decrease the number of students she could teach each week. Additionally, her fees for in home lessons would have to be reduced if she were teaching in a less affluent community and having to rebuild her reputation and practice

### III. THERE WOULD BE NO BENEFIT TO THE ESTATE TO PERMIT A SALE UNDER 11 U.S.C. §363(h)

11. Again, assuming that the Trustee is permitted to proceed with his attempts at a §363 sale (which Ms. Green does not concede), and assuming he could find a buyer (a dubious proposition at best), the Chapter 7 estate would be would be left with nothing except to pay the secured lien holders on the property and Ms. Green.

12. 11 U.S.C. §363(j) states:

> After a sale of property to which subsection (g) or (h) of this section applies, the trustee shall distribute to the debtor's spouse or the co-owners of such property, as the case may be, and to the estate, the proceeds of such sale, less the costs and expenses, not including any compensation of the trustee, of such sale, ***according to the interests of such spouse*** or co-owners, and of the estate. (emphasis added).

13. Ms. Green avers that her interest includes not only her tenancy in the entirety interest (which is indeterminate) but her homestead interest of $500,000.00 under M.G.L. ch. 188 as well.

14. Given that the secured liens on the property total approximately $571,000.00 and the value of the property is approximately $959,000.00, there would be no benefit to the estate and its creditors for the Court to sanction a §363 sale. A trustee "ordinarily does not sell property solely for the benefit of secured creditors . . . [because] such action yields no benefit to unsecured creditors." *In re Traverse*, 753 F.3d at 24-25.

### IV. THERE IS NO JUSTIFICATION FOR THE ADVERSARY PROCEEDING TO CONTINUE

15. Given that undersigned counsel was only recently retained and that this Court continued the Motion to Dismiss generally (Docket #26), until the conclusion of the state court proceeding(s), Ms. Green would like to amend the Motion to Dismiss and incorporate issues raised herein.

16. It is clear that the Chapter Trustee cannot prevail under MGL. Ch. 209 as explained in *In Re: Snyder*, *Id*. nor under 11 U.S.C. Section 363(h)(3). What could possibly be the benefit to the estate of attempting to sell, at best a survivorship interest, in property that is substantially encumbered ($571,000). Further, where would the Trustee find a market for such a speculative sale on the debtor's potential survivorship interest in the subject property?

5

WHEREFORE, Marsha S. Green Responds to the Chapter 7 Trustee's Motion for Status Conference and respectfully requests that this Court Dismiss the adversary proceeding for the reason stated herein and for all other relief deemed just and equitable.

                Respectfully submitted,

                /s/ John F. Sommerstein
                John F. Sommerstein
                Counsel to Marsha Green
                98 No. Washington Street
                Suite 104
                Boston, MA 02114
                (617) 523-7474

Dated: February 4, 2018

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

_____

In Re:
Warren J Green,

                                  Chapter 7
                                  Case No: 13-10204-MSH

            Debtor,

_____

John O. Desmond, Chapter 7 Trustee,

            Plaintiff,

v.                                              AP No. 14-01026-MSH

Marsha S. Green,

            Defendant,

_____

## **CERTIFICATE OF SERVICE**

     The undersigned hereby certifies that I served the attached **RESPONSE** to the parties entitled to electric service via the Court's CM/ECF system.

                                                    /s/ John F. Sommerstein
                                                    John F. Sommerstein

**John O. Desmond,** Chapter 7 Trustee
trustee@jdesmond.com


**Thomas S. Vangel**, Counsel to the Chapter 7 Trustee
tvangel@murthalaw.com