**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re: ) | |
| WARREN I. GREEN, ) | CHAPTER 7 |
| ) | CASE NO. 13-10204-MSH |
| Debtor. ) | |
| ) | |
| ) | |
| JOHN O. DESMOND, CHAPTER 7 ) | ADVERSARY PROCEEDING |
| TRUSTEE, ) | NO. 14-01026-MSH |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| MARSHA S. GREEN, ) | |
| Defendant. ) | |

## CHAPTER 7 TRUSTEE'S RESPONSE TO DEFENDANT MARSHA S. GREEN'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Federal District Court Local Rule 56.1, John O. Desmond, the Chapter 7 trustee (the "Trustee") hereby responds to Defendant's Statement of Undisputed Material Facts:

1.  This adversary proceeding arises from the Defendant husband's Chapter 7 Bankruptcy case commenced by the filing of a bankruptcy petition by Warren I. Green on January 16, 2013 (the "Bankruptcy Case"). *See* Verified Compl., para. 1 AP.

    **RESPONSE: Undisputed.**

2.  Plaintiff John O. Desmond (the "Trustee" or "Desmond" or "Plaintiff") is the successor Chapter 7 Trustee in this case. *See* Docket No 77.

    **RESPONSE: Undisputed.**

3.  The Verified Complaint contains two "claims" pleaded as: (i) Declaratory Judgment Regarding Legal and Equitable Title [Count I]; and (ii) Sale of Property pursuant to 11

U.S.C. § 363(h) [Count II].  Verified Compl., paras. 40-49.  On March 28, 2018, the court allowed Trustee's Motion to Withdraw Count I of the Complaint, [AP Dkt. No. 82].

**RESPONSE:  Undisputed that the court allowed the Trustee's Motion to Withdraw Count I of the Complaint.  The Adversary Complaint speaks for itself.**

4. Prior to the Petition Date and from the time of its purchase on April 17, 2006 title to the condominium unit was in the name of Marsha S. Green, *See* Verified Complaint, AP para. 9.

**RESPONSE:  Undisputed that legal record title was in the name of Marsha S. Green from the time of its purchase on or about April 17, 2006.**

5. Based upon a judgment of the Middlesex Superior Court dated August 30, 2016 the condominium unit was deemed to be held by the Defendant and her husband Warren I. Green as tenants by the entirety.

**RESPONSE:  Undisputed, that the Middlesex Superior Court made findings of fact and conclusions of law on August 30, 2016.  The Judgment was entered on September 7, 2016.  The Judgment speaks for itself.**

6. The Superior Court Judgment was affirmed by the Massachusetts Appeals Court on December 28, 2017.  See Trustee's Motion for Status Conference, [AP. Dkt. No. 66].

**RESPONSE:  Undisputed.**

7. The Defendant has Amended her Answer.  [AP. Dkt. No. 84].

**RESPONSE:  Undisputed.**

8. The property the Trustee seeks to sell is a condominium located at 287 Langley Road, Unit 39, Newton, MA (the "Property").  *See* Verified Complaint Prayer for Relief, para. 3.

**RESPONSE:  Undisputed.**

9. The property serves as the residence of the Debtor and the Defendant. *See* Verified Complaint, para 9.

**RESPONSE: Undisputed.**

10. The Property has the following encumbrances recorded at the Middlesex South Registry of Deeds:

| | | | |
|---|---|---|---|
| a. | 1st Mtg - $419,920 | | Book 47328, Page 555 |
| b. | 2nd Mtg - $47,592 | | Book 51787, Page 261 |
| c. | Federal Tax Liens - $142,542.88 | | Book 64626, Page 214, Book 64836, Page 154, Book 65769, Page 214, Book 69041, Page 370, and Book 64626, Page 215 |

**RESPONSE: The mortgage encumbrances identified in paragraph 10 are not supported by affidavit or record citation, however, the Trustee does not dispute the existence of the mortgage encumbrances for the purposes of Defendant's Motion for Summary Judgment. The Trustee also does not dispute the existence of the Federal Tax Liens, however, the Trustee does dispute the total amount of Federal Tax Liens on the Property. The Trustee believes that the total amount of Federal Tax Liens is $127,081.91 not $142,542.88 based on the amounts of the recorded tax liens. The Trustee further disputes the validity of the federal tax lien recorded solely against the Debtor [Book 64626, Page 215].**

11. The Defendant filed a Declaration of Homestead on April 25, 2006, at Book 47328, Page 578 of the Middlesex South Registry of Deeds.

**RESPONSE: Undisputed.**

**PLAINTIFF'S SUPPLEMENTAL STATEMENT OF UNDISPUTED MATERIAL FACTS**

**The Debtor's Interest in the Langley Road Property and Attempt to Amend Schedule C**

12. Following entry of the Judgment, on December 12, 2016 the Debtor moved to amend Schedules A and C of his bankruptcy petition, to include his interest in the Langley Road Property and exempt said interest. [Docket No. 60].

13. On May 2, 2017, the Court allowed the Debtor to amend Schedule A to include an interest in the Langley Road Property. [Docket No. 81].

14. By Order dated May 2, 2017, the Court denied the Debtor's attempt to claim a homestead exemption in the Langley Road Property. [Docket No. 81].

15. The Debtor's interest in the Langley Road Property is the only non-exempt asset in the Debtor's bankruptcy estate currently available for liquidation and distribution to creditors. [Trustee Aff. 6].

**Valuation of the Langley Road Property**

16. At the time the Defendant purchased the Langley Road Property she paid $480,000 as a down payment and took out a mortgage in her name in the amount of $420,000. [Trustee Aff. ¶ 4].

17. According to Amended Schedule A, the Debtor for the first time identified his interest in the Langley Road Property and valued the Langley Road Property at $959,000.00 based upon an opinion of value conducted by Hammond Residential providing a fair market value of between 950,000 and 959,000 as of September 29, 2016. [Docket No. 60].

18. According to an appraisal conducted by a licensed appraiser, James M. Curley, Jr., who has over 30 years' experience performing residential appraisals, the Langley Road Property has a fair market value of $1,200,000 as of April 16, 2018. [Curley Aff. ¶ 6].

4

### The Defendant and the Debtor Maintain Joint Debts

19. Four of the Federal Tax Liens (see ¶10) are joint liens recorded by the Internal Revenue Service in the name of both the Debtor and the Defendant (the "Joint Liens") against the Langley Road Property. [Middlesex South Registry of Deeds, Book 64626, Page 214; Book 64836, Page 154; Book 65769, Page 214; and Book 69041, Page 370].

20. The Joint Liens total $40,782.39. Id.

21. According the Debtor's Claims Register, Capital One Bank, N.A, American Express Centurion Bank, and Verizon have all filed proofs of claim against the Debtor's estate totaling approximately $4,700. [Claims Register, Claim Nos. 2, 3, 5, 6, 7].

22. According to the Superior Court's Findings of Fact, the Debtor made mortgage and home equity loan payments and paid most of the expenses associated with the Condominium including property taxes, the Langley Road Property association fees, and utilities. [Trustee Aff. ¶ 5].

23. According to the Superior Court's Findings of Fact, the Debtor's income between 2007 and 2012 exceeded the Defendant's income by $549,692. [Trustee Aff. ¶ 6].

### The Defendant has Conceded that the Trustee Satisfied §§ 363(h)(1), (h)(2), and (h)(4)

24. As a residential single family home, in which the Debtor and the Defendant live, partition of the Langley Road Property is impracticable. [Def. Memorandum in Support Motion for Summary Judgment at 5].

25. As a residential single family home, the sale of the Langley Road Property in its entirety would realize more for the bankruptcy estate than the sale of a partial interest of the Langley Road Property. [Def. Memorandum in Support Motion for Summary Judgment at 5].

26. The Langley Road Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power. [Def. Answer ¶18].

### The Trustee Has Satisfied Section 363(h)(3)

27. There is substantial equity in the Langley Road Property for the bankruptcy estate. [Trustee Aff. ¶ 8].

28. After payment of broker fees in the anticipated amount of approximately $60,000, mortgage debts of $467,512, and joint tax liens of $40,782.39, there remains $631,705.61 in equity in the Langley Road Property. [Trustee Aff. ¶ 9].

29. After satisfying costs of sale and valid liens and encumbrances on the Langley Road Property, the Debtor's bankruptcy estate will receive approximately $315,000 upon the sale of the Langley Road Property. Id.

30. After satisfying costs of sale and liens and encumbrances on the Langley Road Property, the Defendant will receive approximately $315,000 upon the sale of the Langley Road Property. [Trustee Aff. ¶10].

31. The proceeds distributed from the sale of the Langley Road Property to the Defendant may be used as a down payment in connection with the purchase of a new home. Id.

Respectfully submitted,

**JOHN O. DESMOND, CHAPTER 7 TRUSTEE
OF THE ESTATE OF WARREN I. GREEN**

By his attorneys,

      */s/ Anthony R. Leone*
Thomas S. Vangel – BBO #552368
Anthony R. Leone - BBO #681760
Murtha Cullina LLP
99 High Street
Boston, MA 02110-2320
Telephone:  617.457.4000
Facsimile:  617.482.3868
tvangel@murthalaw.com
aleone@murthalaw.com

Dated:  April 30, 2018

## **CERTIFICATE OF SERVICE**

    I, Anthony R. Leone, hereby certify that this document was filed through the Court's ECF System and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                                               */s/ Anthony R. Leone*_____