# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

| | |
|---|---|
| In re: )<br>WARREN I. GREEN, )<br>)<br>Debtor. )<br>_____) <br>)<br>JOHN O. DESMOND, CHAPTER 7 )<br>TRUSTEE, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>MARSHA S. GREEN, )<br>Defendant. )<br>_____) | CHAPTER 7<br>CASE NO. 13-10204-MSH<br><br><br><br>ADVERSARY PROCEEDING<br>NO. 14-01026-MSH |

## [PROPOSED] JOINT DISCOVERY PLAN AND RULE 26(f) CERTIFICATION

Pursuant to Fed. R. Civ. P. 26(f), as made applicable to this proceeding by Fed. R. Bankr. P. 7026, and this Court's Pretrial Order dated March 30, 2018, the Parties present the following joint discovery plan for the Court's consideration and approval in connection with the above-captioned matter.

1. **Certification of Rule 26(f) Conference of Parties**

The undersigned counsel for the Parties certify that they conferred pursuant to Rule 26(f) on May 7, 2018 for the purpose of discussing, among other things, those items identified in the Court's March 30, 2018 Pretrial Order.

2. **Amending Pleadings and Joining Parties**

The Parties agree to amend pleadings and join other parties within fourteen (14) days of the Court's ruling on the Defendant's Motion for Summary Judgment.

3. **Discovery**

The Parties intend to undertake discovery in this matter as permitted by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and the Local Rules of the Bankruptcy Court.

    A. **Initial Disclosures**

The Parties agree to exchange initial disclosures pursuant to Rule 26(a)(1) no later than twenty-one (21) days after the Court's ruling on the Defendant's Motion for Summary Judgment.

    B. **Subjects on Which Discovery Will Be Needed**

The Parties agree that discovery should not be limited to any particular issue and agree that discovery should not be phased. The Parties also agree that discovery will be needed on, but not limited to, the following subjects:

(a) All facts underlying the Trustee's allegations in the Adversary Complaint; and

(b) All facts underlying the Defendant's responses to the allegations in the Trustee's Adversary Complaint and Defendant's affirmative defenses;

    C. **Joint Proposed Discovery and Pre-Trial Schedule**

(a) Deadline for the completion of all party and non-party fact discovery: Ninety (90) days from the date of the Court's ruling on the Defendant's Motion for Summary Judgment

(b) Deadlines for Expert Reports:

    (i) Plaintiff has already served a copy his Appraisal.

      (ii) Defendant shall serve any competing appraisal within <u>thirty (30) days</u> of the Court's ruling on Defendant's Motion for Summary judgment.

      (iii) For the Defendant's Medical and/or Psychological Expert Report: <u>Thirty (30) days</u> after the close of fact discovery

      (iv) For the Plaintiff's Medical and/or Psychological Rebuttal Expert Report: <u>Forty-five (45) days</u> after service of Plaintiff's expert report(s)

(c) Deadline for Expert Depositions: All expert depositions must be noticed and completed <u>thirty (30) days</u> after service of the Plaintiff's Rebuttal Expert Report(s).

(d) Joint Pretrial Memorandum. The Parties agree to filing the Joint Pretrial Memorandum within <u>thirty (30) days</u> after all expert depositions. The Joint Pretrial Memorandum shall include those subject matters identified in paragraph 6 of the Court's March 30, 2018 Pretrial Order.

D. **Electronically Stored Information**

The Parties propose the following procedures for the preservation, disclosure and management of electronically stored information:

(a) In their Rule 26(a) initial disclosures, the Parties shall comply with Fed. R. Civ. P. 26(a)(1)(A)(ii) insofar as Fed. R. Civ. P. 26(a)(1)(A)(ii) applies to electronically stored information.

  (b) In the event that any information that is to be produced is stored solely in electronic form, parties shall produce such information in its electronic form. Paper documents shall be produced in paper form, or in such other form and medium as is mutually agreeable to the parties.

  (c) The Parties shall take reasonable steps to preserve electronically stored information, consistent with Fed. R. Civ. P. 37(e).

E. **Issues Concerning Claims of Privilege or Protection of Trial Preparation Materials**

The Parties propose the following procedures in order to minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production: Claims of privilege after production will be governed by Fed. R. Civ. P. 26(b)(5)(B).

F. **Further Orders**

Pursuant to Fed. R. Civ. P. 26(f)(3)(F), the Parties do not request that the Court enter any other orders at this time.

G. **Estimated time for Trial**

The Parties anticipate a trial of between 2-4 days.

| | |
|---|---|
| **JOHN O. DESMOND, CHAPTER 7 TRUSTEE OF THE ESTATE OF WARREN I. GREEN**<br><br>**By his attorneys,**<br><br><br>  */s/ Anthony R. Leone*<br>Thomas S. Vangel - BBO #552386<br>Anthony R. Leone - BBO #681760<br>Murtha Cullina LLP<br>99 High Street<br>Boston, MA 02110-2320<br>Telephone:  617.457.4000<br>Facsimile:  617.482.3868<br>tvangel@murthalaw.com<br>aleone@murthalaw.com | **MARSHA S. GREEN**<br><br>**By her attorney,**<br><br><br>  */s/   John F. Sommerstein*<br>John F. Sommerstein – BBO # 555521<br>98 N. Washington Street<br>Suite 104<br>Boston, MA 02214<br>Telephone:  617.523.7474<br>Facsimile:  617.523.7484<br>jfsommer@aol.com |

Date: May 9, 2018