# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re ) | | |
| ) | | |
| WARREN I. GREEN, ) | | |
| Debtor ) | | |
| ) | | |
| ) | Chapter 7 | |
| JOHN O. DESMOND, ) | Case No. 13-10204-MSH | |
| CHAPTER 7 TRUSTEE, ) | | |
| Plaintiff ) | | |
| ) | Adversary Proceeding | |
| v. ) | No. 14-01026-MSH | |
| ) | | |
| MARSHA S. GREEN, ) | THE DEFENDANT | |
| Defendant ) | CLAIMS TRIAL BY JURY | |

## SECOND AMENDED ANSWER AND JURY CLAIM

**Introductory Statement**.

The defendant Marsha S. Green ("Marsha") admits that she is the owner of record of certain real property known and numbered as 287 Langley Road, Unit 39, Newton, Massachusetts ("the Condominium) which she purchased with part of the proceeds from the sale of a residential property on Mayflower Road in Newton, of which she was the record owner as a tenant-by-the-entirety with her husband, the debtor, Warren I. Green ("Warren"). To the extent that the allegations in this introductory statement purport to be factual or of mixed fact and law, Marsha specifically denies that the Condominium is "nominally in her name" or that it is the subject of or subject to a "resulting trust" in favor of Warren as tenants-by-the-entirety or on any other legal or equitable theory. Moreover, by way of introduction, this adversary proceeding arises out of a decision by the Massachusetts Appeals Court, which the plaintiff has neglected to reference or provide, in which the Appeals Court upheld two and reversed two of the Middlesex Superior Court's dismissal of Robert Snider's ("Snider") claims, specifically stating that the

grounds for the reversal was to afford Snider an opportunity to rebut the presumption of a gift of property from husband to wife , on which issue it expressly stated its decision was not dispositive, for which reason the plaintiff's mis-characterization of the beneficial ownership of the Condominium is unwarranted and should be struck.

**Parties**.

1. Admitted.

2. Admitted.

**Jurisdiction.**

3. Denied. This is a non-core claim regarding the alleged creation of a resulting trust by one spouse's use of proceeds from the sale of property owned as tenants-by-the-entirety to purchase real property in her name. The dispute arises exclusively under Massachusetts property and trust law as a matter of first impression and is the subject of a prior pending action in Middlesex Superior Court, Docket No. MICV2011-02897, for which reasons the Complaint should be dismissed and the motion for a *lis pendens* denied, as the property is already subject to a recorded attachment granted by the Middlesex Superior Court, as more fully set forth in the defendants's motion to dismiss.

**Statement of Facts.**[1]

4. Admitted.

5. Admitted.

6. Admitted.

---

[1] For consistency and conformity, the defendant has followed the headings used in the Complaint, without prejudice to the her denial of the allegations as being either facts or factual.

7. Admitted that Marsha used part of the proceeds from the sale of the Mayflower Road residence, of which she was a record owner as a tenant-by-the-entirety, to purchase the Condominium for $900,000. The remaining allegations in this paragraph are denied.

8. The HUD Settlement Statement speaks for itself, except denied that it shows that Warren was a party to the transaction. Otherwise, admitted that Marsha purchased the Condominium for $900,000, using a $420,000 mortgage from Sovereign Bank, of which she was the only borrower, and the balance of approximately $480,000 of the proceeds from the sale of the Mayflower Road, Newton, residence of which she was a record owner as a tenant-by-the-entirety. Denied that Warren paid anything for the Condominium or that he had or has or is entitled to any beneficial ownership interest in the Condominium.

9. Denied.

10. Admitted that the Marsha and Warren have resided in the Condominium as husband and wife since it was purchased by Marsha. The remaining allegations in this paragraph are denied.

11. Admitted that Snider obtained an award of $59,068, "which amount shall include the $20,000 held in the attorney's IOLTA Account," from the Massachusetts Bar Association's Fee Arbitration Board for legal work he performed and that subsequently Snider obtained a judgment in that amount[2] against Warren. The remaining allegations in this paragraph are denied.

12. Denied.

13. Admitted.

---

[2]Snider has never accounted for the $20,000 he is holding in escrow or the accrued interest from its receipt by him since 2006.

14. The defendant has insufficient expertise or information to either admit or deny the present value of the Condominium.

15. Admitted that Marsha and Warren presently live in the Condominium alone. Denied that they have always done so.

16. Admitted.

17. Schedule A speaks for itself. Admitted that Warren has no interest in the Condominium.

18. Schedule F speaks for itself. Admitted that the lender required Warren to sign Marsha's home equity loan. The remaining allegations in this paragraph are denied.

19. Schedule I speaks for itself. Admitted that Marsha and Warren are married and that she has income which averages approximately $2,000 per month. The remaining allegations in this paragraph are denied.

20. Schedule J speaks for itself. Admitted that Marsha pays the condominium and household expenses out of her own personal checking account and that she and Warren both contribute to that account. The remaining allegations in this paragraph are denied.

21. Marsha has insufficient information to either admit or deny the allegations in this paragraph.

22. Denied.

23. Admitted that Marsha has allowed Warren to reside in the Condominium with her since she purchased it and that Warren has contributed towards her payment of the condominium related and household expenses for his use and occupancy of the Condominium. The remaining allegations in this paragraph are denied.

24. This is a statement of law and/or conclusion of ultimate fact to which no answer is required. To the extent an answer is required, it is denied.

25. This is a statement of law and/or conclusion of ultimate fact to which no answer is required. To the extent an answer is required, it is denied.

26. This is a statement of law and/or conclusion of ultimate fact to which no answer is required. To the extent an answer is required, it is denied.

**Count I.**[3]

27. Marsha repeats and reavers her answers and/or objections and motion(s) to strike to paragraphs 1 through 26, inclusive, as if expressly rewritten and set forth herein.

28. Denied.

29. This is a conclusion of law and/or of ultimate fact to which no answer is required. To the extent that an answer is required, Marsha has insufficient information to either admit or deny what the Trustee asserts, other than as set forth herein, which she denies.

30. Admitted that Marsha used part of the proceeds from the sale of the Mayflower Road residence, of which she was a record owner as a tenant-by-the-entirety, to purchase the Condominium for $900,000. Denied that she used any part of the proceeds from the sale of the Mayflower Road residence to "finance" the purchase, as the Sovereign Bank loan and mortgage were solely in her name and based on her personal credit.

31. Admitted.

32. Denied. Snider's claim of a fraudulent transfer under the Massachusetts Uniform Fraudulent Transfer Act and related claims were dismissed by the Appeals Court and their reiteration in this Complaint is prejudicial, for which reason this paragraph should be struck.

---

[3] The Trustee withdrew Count I subsequent to the Defendant's Motion to Amend Answer being allowed.

33. Admitted.

34. Admitted that Marsha has allowed Warren to reside in the Condominium with her since she purchased it and that Warren has contributed towards her payment of the condominium related and household expenses for his use and occupancy and that the lender required Warren to sign Marsha's home equity loan. The remaining allegations in this paragraph are denied.

35. Denied.

36. Denied.

37. This is a conclusion of law and/or of ultimate fact to which no answer is required. To the extent that an answer is required, Marsha has insufficient information to either admit or deny what the Trustee asserts, other than as set forth herein, which she denies.

38. This is a conclusion of law and/or of ultimate fact to which no answer is required. To the extent that an answer is required, Marsha has insufficient information to either admit or deny what the Trustee asserts, other than as set forth herein, which she denies.

39. This is a conclusion of law and/or of ultimate fact to which no answer is required. To the extent that an answer is required, it is denied that this Honorable Court has jurisdiction to enter a declaratory judgment on a matter which is still pending in the Massachusetts Courts and which requires the resolution of multiple state law claims as a matter of first impression, as more fully set forth in the defendant's motion to dismiss Count I, filed herewith and incorporated by reference herein.

**Count II.**

40. Marsha repeats and reavers her answers and/or objections and motion(s) to strike to paragraphs 1 through 39, inclusive, as if expressly rewritten and set forth herein.

41. This is a conclusion of law and/or of ultimate fact to which no answer is required. To the extent that an answer is required, it is denied.

42. Admitted.

43. Denied.

44. Denied insofar as it is alleged that the Trustee has a one half interest in the property in that a tenancy by the entirety is not divisible during the life of the spouses.

45. With all due respect to the Trustee, she has not qualified herself as an expert in the marketing and sale of real property and is not competent to testify as to what effect its ownership, which is still a matter pending before the Massachusetts courts, if it was owned as alleged, which Marsha denies, would affect its marketability or value, for which reason the paragraph should be struck. Nor is such a determination relevant, as there has been no adjudication as to the nature or amount of Warren's interest, if any, which Marsha denies, in the Condominium. To the extent an answer is required, without waiver of her motion to strike, it is denied.

46. With all due respect to the Trustee, she has not qualified herself as an expert in the marketing and sale of real property and is not competent to testify as to what effect its ownership, which is still a matter pending before the Massachusetts courts, if it was owned as alleged, which Marsha denies, would affect its marketability or value, for which reason the paragraph should be

struck. Nor is such a determination relevant, as there has been no adjudication as to the nature or amount of Warren's interest, if any, which Marsha denies, in the Condominium. To the extent an answer is required, without waiver of her motion to strike, it is denied.

47. The Trustee's self-serving concern for the financial welfare of Marsha and the Green's children by asking this Honorable Court to confiscate and sell her condominium to pay Warren's debt to Snider is unfounded and should be struck. To the extent an answer is required, without waiver of her motion to strike, it is denied. Additionally, as Marsha Green has stated in her response to the Trustee's Motion for Status Conference (Docket #72), she suffers from the neurological disease Multiple Sclerosis and attached a letter from Doctor Christopher Severson, MD to her prior Motion to Amend Answer which was incorporated by reference. Marsha Green has suffered physical maladies due to her Multiple Sclerosis. Marsha Green will suffer income, economic and psychological detriment to her that outweighs the benefit to the estate. Marsha Green also has had a declaration of homestead covering her residence recorded at Book 47328, Page 578, at the Middlesex South Registry of Deeds since the purchase of her condominium property in April 2006. Additionally, any sale of Marsha Green's condominium property would result in an inability to maintain an alternative suitable residence.

48. The Trustee's self-serving concern for the financial welfare of Marsha and the Green's children by asking this Honorable Court to confiscate and sell her condominium to pay Warren's debt to Snider is unfounded and should be struck. To the extent an answer is required, without waiver of her motion to strike, it is denied.

49. Admitted.

WHEREFORE, the defendant prays that the Complaint be dismissed and that she be awarded her costs and reasonable attorney's fees for a frivolous and insubstantial claim which attempts to circumvent the prior pending action in state court and deprive the Massachusetts trial and appellate court's from jurisdiction of a matter which arises exclusively under and must be decided exclusively on unresolved Massachusetts law.

## THE DEFENDANT CLAIMS TRIAL BY JURY

## AFFIRMATIVE DEFENSES.

**First Affirmative Defense.**

The Complaint fails to state a claim for which relief can be granted.

**Second Affirmative Defense.**

Lack of subject matter jurisdiction.

**Third Affirmative Defense**

The prior pending action doctrine.

**Fourth Affirmative Defense.**

Laches.

>Respectfully submitted,
>
>The Defendant,
>By her attorney,
>
>
> */s/ John F. Sommerstein*
>John F.Sommerstein
>BBO# 555521
>98 N. Washington Street
>Suite 104
>Boston, MA A2114
>(617) 523-7474
>jfsommer@aol.com

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on 26th day of October, 2018.

By: */s/ John F. Sommerstein*
John F. Sommerstein